UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMEKA DEW-COOLEY | CIVIL ACTION |
| VERSUS | NO. 24-202-JWD-RLB |
| HEXION, INC. | |

**ORDER**

Before the Court is Defendant's Motion to Compel Discovery and Initial Disclosures ("Motion to Compel") filed on December 4, 2024. (R. Doc. 22). The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

On March 13, 2024, Tameka Dew-Cooley ("Plaintiff") commenced this employment discrimination action against Hexion, Inc. ("Defendant"). (R. Doc. 1).

The Court issued a Scheduling Order setting, in pertinent part, the deadline for the parties to exchange Rule 26(a)(1) initial disclosures on September 26, 2024 and the deadline for filing all discovery motions on February 3, 2025. (R. Doc. 21).

The motion indicates that Plaintiff has not provided any Rule 26(a)(1) initial disclosures to Defendant.

On October 9, 2024, Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 22-2). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff did not timely respond.

On November 21, 2024, defense counsel sent an email to Plaintiff's counsel regarding the outstanding discovery responses and set a discovery conference on November 26, 2024. (R. Doc. 22-3). Defendant represents that Plaintiff's counsel did not respond to the email or attend the conference. (*See* R. Doc. 22 at 2).

On December 4, 2024, Defendant filed the instant Motion to Compel. (R. Doc. 22). Plaintiff did not file an opposition explaining her failure to provide any responses or objections to the written discovery or her failure to provide timely initial disclosures. *See* LR 7(f).

## II.     Law and Analysis

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B). Similarly, if a party fails to provide initial disclosures required by Rule 26(a), the other party may move to compel disclosures and for appropriate sanctions. *See* Fed. R. Civ. P. 37(a)(3)(A). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

There is no dispute that Plaintiff failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure. Furthermore, there is no dispute that Plaintiff failed to provide initial disclosures by the deadline set by the Court. Accordingly, the Court will grant the Motion to Compel.

As Plaintiff did not make any timely objections to Defendant's written discovery requests, the Court finds that Plaintiff has waived her objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney

2

client or the work product privilege."). The Court will, however, allow Plaintiff to object to discovery requests to the extent they prematurely seek information and disclosures (including any expert identities and opinions) prior to specific deadlines set forth in the Court's Scheduling Order.

The Court will also award Defendant reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff has not provided any arguments in support of a finding that the Defendant did not attempt in good faith to obtain the discovery at issue or that there are any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

Plaintiff's counsel's lack of participation in this matter is concerning. Counsel is advised that repeated failure to participate in discovery, as well as failure to comply with Court orders, will result in more significant sanctions in this matter, including dismissal of the case.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery and Initial Disclosures (R. Doc. 22) is **GRANTED**. Plaintiff shall provide complete responses to the interrogatories and

requests for production at issue, as well as all initial disclosures required by Rule 26(a)(1), without objections other than those pertaining to any applicable privileges or immunities, or as otherwise detailed above, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel, and that Plaintiff and Plaintiff's counsel shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff and/or counsel shall pay that amount;

(2) If the parties do not agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on January 3, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.